UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS RUIZ, # 186562, )
 )
        Petitioner, ) Case No. 1:08-cv-1219
 )
v. ) Honorable Paul L. Maloney
 )
KENNETH McKEE, )
 ) **REPORT AND RECOMMENDATION**
        Respondent. )
_____)

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Petitioner is serving a sentence of 2-to-4 years, imposed by the Marquette County Circuit Court on September 6, 2002, after petitioner entered a plea of guilty to assault on a prison officer, MICH. COMP. LAWS § 750.197c. The charge arose from petitioner's assault on a prison guard on July 12, 2000, at the Marquette Branch Prison, where petitioner was serving a sentence of 8-to-20 years' imprisonment on an Ingham County Circuit Court conviction for assault with intent to do great bodily harm less than murder, as enhanced by a finding that petitioner was a fourth habitual felony offender. By order entered January 14, 2009, Chief Judge Paul Maloney transferred this matter to the United States Court of Appeals for the Sixth Circuit, finding that this was a second or successive habeas corpus proceeding within the meaning of 28 U.S.C. § 2244(b). The Court of Appeals held that this petition should not be treated as second or successive, because petitioner is not challenging the constitutionality of his conviction. Rather, he is challenging the execution of his sentence, contending that the time computation unit of the Michigan Department of Corrections miscalculated

his maximum discharge date. The appellate court therefore remanded the matter to this court for further proceedings. (*In re Luis Ruiz*, No. 09-1075, Order of 9/3/09).

After remand, respondent filed a motion to dismiss, asserting that petitioner had failed to exhaust his state remedies. (Motion, docket # 13). In response, petitioner filed a motion for an order granting his petition (docket # 17). Petitioner's motion essentially reiterates his contention that state authorities have miscalculated his sentence. Petitioner's only response to the affirmative defense of failure to exhaust remedies is an assertion that the exhaustion requirement does not apply to petitioners under 28 U.S.C. § 2241. Crucially, petitioner does not allege that he has ever submitted his claim to any state court.

Judge Maloney has referred this matter to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the submissions of the parties, I conclude that the petition should be dismissed for failure to exhaust available state remedies.

**Discussion**

As noted, petitioner does not challenge the constitutional validity of his 2002 conviction for assaulting a prison guard or a sentence of 2-to-4 years' imprisonment on that conviction. Rather, petitioner presents a complicated analysis under state law and regulations involving the interplay between this sentence and a preexisting sentence imposed in 1987 and then allegedly modified in 1988 and 2001, to which his present sentence runs consecutively. The essence of petitioner's position is that state prison officials have improperly recalculated his present sentence

and that he should be eligible for release at an earlier date. The habeas petition and subsequent filings do not identify any federal claim arising from these facts, but assert error under state law.

Respondent has moved to dismiss the petition for failure to exhaust state remedies. Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, the federal courts have long recognized a common-law principle requiring exhaustion in section 2241 proceedings. *See, e.g., Ex parte Royall*, 117 U.S. 241 (1886); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Dawsett v. Benson*, 156 F.2d 669 (6th Cir. 1946). The Sixth Circuit has applied the exhaustion requirement in a section 2241 proceeding asserting similar claims. The petitioner in *Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005), initiated a section 2241 proceeding in the Eastern District of Kentucky, challenging a decision by the Kentucky Department of Corrections recalculating a sentence to run consecutively to a previously imposed sentence. The district court denied relief. On Appeal, the Sixth Circuit determined that petitioner was required to exhaust state-court remedies, finding that Kentucky law provided petitioner at least one avenue for relief. 121 F. App'x at 630-31.

The exhaustion doctrine requires a petitioner to raise his federal claims at every available level of state-court review, including the state's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal court cannot grant habeas relief if there is still a potential state remedy for the state courts to consider. *Wagner*, 581 F.3d at 415. In the present case, petitioner has an available remedy under the law of the State of Michigan. The Michigan courts have long held that mandamus is an available remedy for a Michigan prisoner who challenges the computation of his sentence. *See In re Carey*, 126 N.W.2d 727 (Mich. 1964); *Harper v. Dep't of Corr.*, 546 N.W.2d 718 (Mich. Ct. App. 1996); *Lowe*

*v. Dep't of Corr.*, 521 N.W.2d 336 (Mich. Ct. App. 1994) (mandamus proceeding concerning proper calculation of disciplinary credits). As the foregoing decisions demonstrate, a mandamus petitioner may proceed in the state circuit court and is entitled to an appeal as of right to the state court of appeals. Further review in the state supreme court may be sought by application for leave to appeal. MICH. CT. R. 7.301(A)(2). Until petitioner has presented his federal claim (whatever it may be) to the state circuit court in a mandamus proceeding and has sought an appeal of right in the Court of Appeals and discretionary review in the state Supreme Court, he may not maintain a habeas corpus action in the federal district courts.

## **Recommended Disposition**

For the foregoing reasons, I recommend that respondent's motion to dismiss for lack of exhaustion of state remedies (docket # 13) be granted and that the petition be dismissed without prejudice for failure to exhaust state remedies. I recommend that petitioner's motion for an order granting his petition (docket # 17) be denied.


Dated: December 14, 2009          /s/ Joseph G. Scoville
                                  United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).