UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS RUIZ,
        Petitioner,

                        No. 1:08-cv-1219

-v-

                        HONORABLE PAUL L. MALONEY

KENNETH MCKEE,
        Respondent

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION

Petitioner Ruiz filed a habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges the computation of his sentence, specifically his maximum discharge date, by the Michigan Department of Corrections (MDOC). Petitioner alleges he was supposed to be discharged on October 4, 2009. The magistrate judge issued a report recommending the petition be denied without prejudice because Petitioner failed to exhaust the remedies available to him in state court. Petitioner filed an objection.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those

portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

In his objection, Petitioner asserts there are no available remedies that could be exhausted which would afford him an adequate, speedy, and just remedy. The magistrate judge identified the writ of mandamus as an available remedy. Petitioner has not specifically responded to the magistrate judge's conclusion. Petitioner asserts his "only avenue" was to file a petition to terminate his sentence, which he did and the state court ruled the motion was successive. Petitioner attached the decision rendered on December 17, 2009. Contrary to Petitioner's assertion, the petition to terminate his sentence was not deemed successive by the state court. The honorable Thomas Solka of the 25th Circuit Court of Marquette County, Michigan, reviewed the petition as either a motion under M.C.R. 6.429 or a petition for writ of habeas corpus under M.C.R. 3.303. *People v. Ruiz*, No. 01-038474 (Dec. 17, 2009) (order). Judge Solka addressed the merits of the petition and concluded any error in calculation was harmless because a memorandum dated September 23, 2008 issued by the MDOC correctly calculated Petitioner's sentence. Petitioner argues the December 17 ruling is erroneous.

Petitioner has remedies available in state court that have not yet been exhausted. Petitioner may appeal the December 17 ruling. As explained in the R&R, the exhaustion doctrine requires a petitioner to raise his federal claim at every available level of state court review and a federal court cannot grant habeas relief while there exists a potential remedy for state courts to consider. This court understands, before the appeal runs its course, Petitioner will likely be released. Such concern does not justify ignoring the well established exhaustion requirement.

For these reasons, **IT IS ORDERED**:

1. The report and recommendation (Dkt. No. 19) is **ADOPTED OVER OBJECTIONS.**

2. Respondent's motion (Dkt. No. 13) to dismiss is **GRANTED.**

3. Petitioner's motion (Dkt. No. 17) for order granting petition is **DENIED.**

4. The petition for writ of habeas corpus is **DENIED WITHOUT PREJUDICE.**

Date: January 7, 2010           /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge